## STATE V. SEVERINE.

1. An attorney employed by a citizen or an organization of citizens, as provided in Section 20 of the prohibition act, cannot institute, upon his own information, a criminal proceeding by information against an alleged violator of that law.

2. Section 20 of the prohibition act does not, nor does any other section thereof, create a new office by the name of "assistant state's attorney," but merely says that an employment so made shall be the associate counsel of the state's attorney. Such employment was not intended to take the place of the state's attorney.

(Syllabus by the Court. Opinion filed October 20, 1891.)

Error to Minnehaha county court. Hon. E. PARLIMAN, Judge.

Information, by W. A. Wilkes acting or purporting to act as assistant state's attorney of Minnehaha county, charging the defendant with a violation of the law prohibiting the sale of intoxicating liquors. There was a trial and verdict of guilty returned. Defendant made a motion in arrest of judgment, which was overruled. Defendant brings error to this court. Reversed.

*Joe Kirby* and *D. E. Powers*, for plaintiff in error.

*Robert Dollard Attorney General*, and *D. R. Bailey*, for defendant in error.

BENNETT, J. Plaintiff in error was convicted in the county court of Minnehaha county of a violation of what is commonly known as the "Prohibition Law." After a verdict of guilty was returned by the jury, the plaintiff in error filed a motion in arrest of judgment, on the ground that no legal information had

been filed against him upon which his trial was based. The motion was overruled, and from the order overruling it the case is brought to this court by writ of error. The main question raised by the motion in arrest of judgment is, can an attorney employed by a citizen or an organization of citizens, as provided in Section 20 of the prohibition act, institute a criminal proceeding by information against an alleged violator of that law? The information upon which the plaintiff in error was tried and convicted was filed and signed by one W. A. Wilkes as ''an assistant state's attorney '' It is conceded that he was an attorney residing in Minnehaha county, and was employed by a committee of citizens to assist the state's attorney in the prosecution of alleged violators of the prohibition law. So far as the record shows, the state's attorney of that county took no part in the institution or prosecution of the information; but it is contended that Section 20 of that enactment makes a a specific provision for some attorney to take the place of the state's attorney. That section provides that ''any citizen or organization may employ an attorney to assist the state's attorney to perform his duties under this act, and such attorney shall be recognized by the state's attorney and the court as associate counsel in the proceeding, and no procedure shall be dismissed, over the objection of such associate counsel, until the reason of the state's attorney for such dismissal, together with the objections thereto of such associate counsel, shall have been filed in writing, argued by counsel, and fully considered by the court.'' This section of the law is the only provision in it, or of any other of our statutes, that provides for any aid or assistance to the state's attorney in the proscution of any violators of the law. An analysis of it will show that there was no intention of the legislature to take from the state's attorney the burden of the prosecution of public offenses.

1. It says who may employ an attorney to assist the state's attorney in the performance of his duties under this particular law. Usually this employment, when found necessary, would be left to the state's attorney himself, or to the inherent power resting in the court. That no favor or bias may be shown the

alleged offender by either state's attorney or court, if any such could be presumed, the law makes it incumbent upon either or both to recognize the employment of any attorney by a citizen or organization that might feel an interest in any prosecution under the law. When so employed and recognized, this attorney is to assist the state officer in his duties under the act. These are clearly defined in Section 12. He is to diligently prosecute any and all persons who violate any of its provisions, and, if such state's attorney should refuse or neglect to do so, Section 30 of the enactment fixes a penalty for such refusal or neglect which is declared to be a misdemeanor punishable by fine and forfeiture of office.

2.   The evident intent of this provision was to give to any citizen or association of citizens the right and privilege of employing such legal advice and assistance to the state's attorney as would at all times, and under every circumstance, insure a vigorous and hearty prosecution of all offenders. It is well known that the prosecution of offenses under this law is usually attended by much difficulty, owing, perhaps, to a sentiment in some localities against the policy of it; and, in order to get the evidence and facts surrounding the prosecution, much time and attention is required on the part of a public prosecutor. Oftentimes a guilty offender is allowed to escape, not from the inattention or inability of the state to prosecute, as much as from a want of time to fully meet the emergency of the case. This fact was no doubt known to the legislature, and it intended to allow those who were active supporters of, conscientious believers in the spirit of, the law, and zealous in its enforcement, to furnish equally eminent legal advice and assistence whenever an emergency might arise which in their judgment required it; but it was not the intention to supplant or relieve the state's attorney, in any case, of his duties.

3.   This section does not make or create a new office by the name of "assistant state's attorney," but merely says that an employment so made shall be the associate counsel of the state's attorney, and prohibits the dismissal of any prosecution under the law until the objections of such associate shall have been

heard and considered by the court. That such an employment as associate counsel was not intended to be or take the place of the state's attorney is made more evident by the latter clause of Section 12, where it is provided that, in case of the neglect, inability, or refusal of the state's attorney to enforce the provisions of the act for any reason. the attorney general of the state may appoint a reputable attorney to discharge that duty; and such attorney is authorized to sign, verify and file complaints, informations, petitions and papers as a state's attorney, and to take his place; and for that particular appointment he becomes the public prosecutor, clothed with full power to act as such. Here is an evident substitution or appointment of a state's attorney for a special case, arising under a particular emergency. The provision was thought to be wise and prudent by the legislature, and is the only one under the law where the regular state's attorney is displaced or supplanted in the discharge of his duties, and where the appointee is clothed with the powers of the office. Conceding the above to be the correct interpretation of the law in relation to the duties of the associate counsel, yet the attorney general contends that, inasmuch as prosecutions under this law are commenced by an information, there is no requirement of the criminal law that makes it the duty of the state's attorney to sign an information or to formally commence proceedings by his writen accusation. It is true that Section 7117 of the Compiled Laws says that an information is the allegation in writing, made to a magistrate, that a person has been guilty of some designated public offense, and does not specifically require that it shall be confined to the accusation of the state's attorney. Still it is generally admitted to be the rule that, when the form and substantial particulars of an information are not prescribed by any provisions of the statutory law, we must look to the common law for guidance, as to its requisites and its enforcement. U. S. v. Beebe, 2 Dak. 292, 11 N. W. Rep. 505. But we are not left to this alternative in the case at bar, for the legislature of this state, by an act defining the jurisdiction of the county courts, passed during the sessions

of 1890, says "that all offenses of which the county courts shall have jurisdiction shall be prosecuted by information of the state's attorney or the attorney general." The plaintiff in error being charged with an offense cognizable by the county court, the information should have been signed by the state's attorney or the attorney general, unless, for reasons especially enumerated in the prohibition law, these officers have been supplanted. The record fails to disclose that this has been done. By an act of the legislature approved February 3, 1891, state's attorneys may appoint a deputy, who shall have all the powers of a state's attorney; but this enactment went into effect since the information in this case was filed and the trial and conviction were had.. It is not claimed that the assistant state's attorney who purports to sign this information was a deputy state's attorney; therefore this law can have no application. The information having been signed by an attorney purporting to be an assistant state's attorney, when no such officer is known to the law, was not such an information as would legally hold plaintiff in error on the charge of a criminal offense, and his trial and conviction were illegal. The case is remanded, with instructions to discharge the defendant. All the judges concurring.