(January 5, 1907.)

In re Appeal of GEORGE P. RHEA, Prosecuting Attorney of Washington County, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS, Respondent.

ON REHEARING.    (See 12 Idaho, 455.)

[88 Pac. 89.]

1. Under the provisions of section 2294 of the Revised Statutes of the United States as amended by act of March 11, 1902 (32 U. S. Stats. at Large, 64), the clerk of the district court who takes homestead or other land proofs must do so in his official capacity, and all fees collected by him for such service, whether for "preparing the deposition" or administering the oath and affixing the jurat, are provided for by the statute, and are collected by him in his official capacity and by virtue of his office, and must be accounted for and paid over to the county.

2. Any gratuity received by a probate judge over and above the statutory fee of five dollars for solemnizing a marriage may, under section 2438, Revised Statutes, be retained by him for his individual use and benefit.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Frank J. Smith, Judge.

Judgment of district court rendered on appeal from an order of the board of county commissioners. *Reversed.*

Geo. P. Rhea, *pro se,* filed no brief on rehearing.

Harris & Smith and Rice & Thompson, for Respondent.

The court had jurisdiction to review only the order or orders of the board of commissioners specified in the notice of appeal. The protest of the county attorney was a matter outside the regular procedure before the board, and something the commissioners were not required to pass upon. Their rejection of it was a matter of no consequence.

Under the constitution of the state (sec. 7, art. 18, as amended), and the statute of the state (Fifth Sess. Laws, 405), the subject matter before the board was the accounts of these officers which the board was required to audit.

The United States supreme court, construing section 833 of the United States Revised Statutes, approves of the following rule: "Whatever is done by you that you could not do if out of office has an official color and significance that brings it within the compass of the language of the statute." (*United States v. Hill,* 120 U. S. 169, 30 L. ed. 627, 7 Sup. Ct. Rep. 510; *Finley v. Territory,* 12 Okla. 621, 73 Pac. 273.)

It is quite evident that the officer could have filled the blanks and written down testimony of witnesses in the matter of final proofs as a private citizen. Parties may employ an attorney to prepare their testimony for them or a private citizen, for that matter, as is clearly apparent from the act of Congress. (Act of March 11, 1902, 32 Stats. 63.)

AILSHIE, J.—A rehearing was granted in this case on July 7th, and the case was again argued at this present term of court. Counsel for respondent urge, in the first place, that no final judgment has ever been entered from which an appeal could be prosecuted, and that this court is without jurisdiction to determine the case on its merits. This contention is not well founded for the following reasons: In the first place, section 1776 of the Revised Statutes, as amended by act of February 14, 1899 (Sess. Laws 1899, 248), provides that "an appeal may be taken from any act, order or proceeding of the board by any person aggrieved thereby," etc. The order of the board of commissioners from which the appeal was taken to the district court was an order entered overruling the county attorney's application and request that the board require the clerk of the district court and probate judge each to include in their quarterly reports all fees received by them, including fees for taking final land proof and solemnizing marriages. The board recited their reasons at some length for refusing to follow the advice of the county attorney and denying his application and re-

quest.  They also recited the fact that each of these officers
had received such fees as the county attorney advised them
should be turned into the county.  The county attorney ap-
pealed from this order of the board, and in taking such
appeal he was clearly within the provisions of section 1776,
*supra.*  The district court heard the case on its merits, evi-
dence being introduced at considerable length in relation
thereto, and made and filed his findings of fact, and entered
judgment sustaining and affirming the action of the board
of commissioners, and holding that the fees referred to by
the county attorney were not such as are required to be
turned into the county.  This judgment entered by the dis-
trict court was a final judgment affirming and approving
the action of the board of commissioners.  The county at-
torney has appealed from that order, and his case is properly
before this court for determination on its merits.

The principal contention made by counsel for respondent
on the rehearing is that under section 2294 of the Revised
Statutes of the United States as amended by act of March 11,
1902 (32 U. S. Stats. at Large, 64 [U. S. Comp. Stats. 1907, p.
466]), any person, whether an officer or not, may pre-
pare the depositions of homesteaders and other land claim-
ants and their witnesses, and that the only official act
is that of administering the oath for which the statute
allows twenty-five cents.  That section so amends the old
law as to authorize final proofs to be made before a
United States commissioner or a judge or clerk of any
court of record within the land district in which the lands
claimed are situated.  The particular portion of the section
which bears upon the question in controversy is as follows:
"The fees for entries and for final proof, when made before
any other officer than the register and receiver, shall be as
follows: For each affidavit, twenty-five cents.  For each.
deposition of claimant or witness, when not prepared by the
officer, twenty-five cents.  For each deposition of claimant
or witness when prepared by the officer, one dollar.  Any
officer demanding or receiving a greater sum for such ser-
vices shall be guilty of a misdemeanor, and upon conviction

shall be punished for each offense by fine not exceeding one hundred dollars.'' It will be observed from the foregoing that where the deposition is prepared by the officer who administers the oath and affixes the jurat, he shall be entitled to collect and receive one dollar for each deposition, and where the deposition has been prepared by some one else, he is allowed to collect and receive twenty-five cents for administering the oath and affixing the jurat. Now, it is insisted that since any person can prepare the deposition that the officer may do so as a private citizen, and that while he may charge the one dollar fee, he will only be required to account for the twenty-five cents which is earned and received by him for administering the oath and affixing the jurat. The difficulty, and it seems to us the fallacy, in this argument, rests in the fact that under the statute the only charge that any officer designated therein can make must be made in his official capacity and under the statute itself. A private citizen or any person not authorized to take these proofs may prepare the deposition for the claimant and make any charge therefor agreed upon between him and the claimant, and however much that charge may be, it will not be a violation of the statute and will not subject the party to a prosecution thereunder. But no officer designated by the statute can make any greater charge, either in his official or individual capacity, than that prescribed by the statute. If he should do so, he would be guilty of a misdemeanor. He cannot separate himself from the office which he occupies for the purpose of performing such duty or collecting such or any fee. It is, therefore, clear to our minds that the fee prescribed by section 2294, *supra,* whether for making the deposition, or administering the oath, or for both, is provided for and collectible by the officer in his official capacity and by virtue of his office, and not as an individual, and that he can no more segregate himself from the office which he occupies for the purpose of collecting one part of the fee than he can for the other. It must be admitted that if the individual were not occupying such office, he might prepare such a deposition and receive any sum there-

for that he could collect without subjecting himself to any
of the penalties of the statute, but this he cannot do while
discharging the duties of such office. The most exhaustive
and interesting case bearing upon this subject to which our
attention has been called is that of *Finley v. Territory*, 12
Okla. 621, 73 Pac. 273. In that case the Oklahoma supreme
court had before them the question as to whether or not a
probate judge could retain for his own use and benefit fees
and compensation received by him in the discharge of his
duties under the act of Congress authorizing probate judges
to file upon and procure patents for townsites. The court
held that while the authority to perform the acts in ques-
tion was granted by act of Congress instead of by the legis-
lature, that nevertheless the power and authority was con-
ferred upon the office instead of the individual, and that
it did not create any separate office, nor did it entitle him
to retain the fees collected under such act. In that case
many authorities are cited and reviewed touching the ques-
tion of fees and compensation of public officers, and the
duty of such officers to account for all fees to the county
or state as the case may be. In *State ex rel. Frontier Co.
v. Kelly*, 30 Neb. 575, 36 N. W. 714, it was held that where
a county clerk who was also a notary public took acknowledg-
ments of deeds, mortgages and certified affidavits and depo-
sitions as a notary public, it was his duty to enter upon
his fee-book, as county clerk, and report to the county board,
every item of fees and compensation received by him for
such services. It was held that he could not procure the
appointment as notary public and discharge duties as notary
which devolved upon him as county clerk, and thereby de-
prive the county of the benefit of such fees and increase his
own salary and compensation by the operation. We are
satisfied that under the provisions of our statute and con-
stitution, as cited in the original opinion, the fees claimed
by the clerk of the probate judge belong to the county and
should have been reported and turned over to the county.
We agree with counsel for respondent that, under section
2438 of the Revised Statutes, a probate judge may receive

any sum "voluntarily given him by the parties" over and above the statutory fee of five dollars for solemnizing marriages. In such case the statute provides specifically that such officer may receive any gratuity, and in that case he is undoubtedly entitled to retain the same, accounting to the county only for the statutory fee. The judgment of the trial court is reversed and cause remanded, with directions to the trial court to take such further action as may be necessary in accordance with the views herein expressed. Costs awarded in favor of the appellant.

Sullivan, J., concurs.

STOCKSLAGER, C. J., Concurring.—I concur, but if it is true that in some of the counties the salary of the probate judge and auditor and recorder have been fixed on a basis that the fees not provided for by statute or labor not enjoined upon such officer by statute should not be accounted for by such officer, or that he was at liberty to retain such fees over and above his salary as fixed by the county commissioners, equity would or should require that the officer be compensated for the labor performed in the amount intended to be paid by the county commissioners. In other words, it is not justice to the officer to fix his salary on a basis that he is to receive and retain certain fees, and thereafter require him to pay such fees into the county treasury, thus reducing the salary contemplated by the county commissioners.