## C. H. MOORE v. THE STATE.

### No. 4001. Decided May 26, 1909.

**Obstructing Public Road—Information—County Attorney—Appointment by County Judge—Motion in Arrest of Judgment.**

In a prosecution for willfully obstructing a public road, where it appeared from the record on appeal that the information was filed by an attorney who had been appointed county attorney pro tem. by the county judge (such appointment being unauthorized under the law), the entire prosecution was void and a motion in arrest of judgment should have been sustained.

Appeal from the County Court of Aransas. Tried below before the Hon. F. Stevens.

Appeal from a conviction for wilfully obstructing the public road; penalty, a fine of $450.

The opinion states the case.

*S. N. Dorsett* and *W. H. Baldwin,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited Jessel v. State, 42 Texas Crim. Rep., 72; Vahl v. State, 20 Texas, 779; McDaniel v. State, 24 Texas Crim. App., 552; Washington v. State, 41 Texas, 583; Berliner v. State, 6 Texas Crim. App., 182; State v. Martin Johnson, 12 Texas, 231; State v. Gonzales, 26 Texas, 197; Bennett v. State, 27 Texas, 702.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Aransas County on the 7th day of October, 1908, of wilfully obstructing the public road, and his punishment assessed at a fine of $450. The appeal involves many questions, but in view of the disposition we have concluded to make of the case it becomes unimportant to consider but one of them.

The record shows that the complaint was filed on the 29th day of June, A. D. 1908, by H. T. Bailey, before John C. Herring, clerk of the County Court of Aransas County. On that day F. Stevens, county judge of Aransas County, appointed one John B. Eddins county attorney pro tem. to take the complaint and file the necessary information in reference to the offense of which appellant here stands charged. On the same day Eddins, purporting to be acting county attorney of Aransas County, Texas, filed an information against appellant on the complaint above recited, charging him with the offense of which he was later convicted. The term of the County Court at which appellant was

convicted began on the 5th day of October, 1908, and adjourned on the 25th day of the same month. After conviction appellant moved in arrest of judgment on the ground, in substance, that the information on which he had been tried was illegal and void, in that John B. Eddins, the person who presented said information to the court was not, at the time he so presented same, a duly elected or appointed county attorney or assistant county attorney in said county, nor a duly appointed or elected district attorney of the district including Aransas County, or any officer of the State of Texas, or county of Aransas, empowered to present information in said court. The facts are fully set up in the bill of exceptions, and in addition thereto the county judge, at the request of both parties, in approving the bill, made the following statement: "Aransas County has not now, and has not had for several years, a regular county attorney, neither has it a resident district attorney; the district attorney for this district resides in Stockdale, Wilson county, about 150 miles away from this county. John B. Eddins, a practicing attorney at this bar, was appointed by me to represent the State in this cause in vacation, and drew and filed the information in vacation, but was afterwards appointed by me during the term at which this cause was tried to represent the State generally in all criminal causes during said term, which order appears on the minutes of the county court of this county." Appellant makes the proposition that a county judge has no power to appoint a county attorney in vacation, and thus confer upon such appointee power to file informations and institute prosecutions in any of the courts of Texas. This is undoubtedly true. Section 21, article V, of the Constitution, provides that "A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the governor, and hold his office for the term of two years. In case of vacancy, the Commissioners Court of the county shall have power to appoint a county attorney until the next general election." Article 1541, Sayles' Civil Statutes (1897) provides as follows: "Said court (Commissioners Court) shall have power to fill vacancies in the following named county offices, viz.: county judges, clerk of the County Court, sheriff, county attorney, county treasurer, county surveyor, county hide inspector, assessor of taxes, collector of taxes, justice of the peace and constables." The appointment in this case, at the time and the manner made, was wholly unauthorized by law, and did not confer upon Mr. Eddins the power or authority to institute the proceedings under which appellant was convicted. He was, in the eyes of the law, an intruder and usurper, and acting without constitutional power or warrant. Prosecutions for offenses enforceable only in the County Court must be prosecuted by information. This, of course, means legal information, and this implies an information presented by a county attorney or other proper officer, constitutionally chosen or duly elected. It is not, of course, to be questioned that, in this case, the county judge acted in view of what he believed to be an

imperative necessity, and for the good of his county, and for the protection of its people. This, however, can not add to his authority. To permit him to exercise the power which the Constitution confers upon the Commissioners Court is to grant something that the law does not allow, and, however wisely exercised, is a mere usurpation. Locklin v. State, 75 S. W., 305; Ex parte Reynolds, 35 Texas Crim. Rep., 437. Nor can the fact that the question was raised on motion in arrest of judgment, where the facts are undenied and go to the validity and integrity of the initial proceedings, change the result. The rule invoked by the State that the motion comes too late can not avail. It is true that, in mere formal matters which are cured by the verdict, a motion in arrest of the judgment will not avail, but in so substantial a matter as here presented this is not true.

Entertaining these views, it becomes unnecessary to discuss the other matters. As the complaint is a valid one the case will not be dismissed, but the judgment reversed, and the cause remanded for procedure in accordance with the law.

*Reversed and remanded.*

BROOKS, JUDGE, absent.