Walling, Judge.
This was an action brought by the board of county commissioners of Kit Carson county against the appellant to recover from the latter the amount of certain fees alleged to have been earned by him, in his official capacity as county judge of the county, in excess of the salary allowed him by law, by reason of services performed by him in his official ca *327 pacity, as judge and acting clerk of the county court. A general demurrer to the complaint was overruled by the district court. Thereafter the defendant answered, repeating his general demurrer as a first defense to the complaint. For a second defense, the answer admitted that, during the time mentioned in the complaint, defendant was the judge of the county court of Kit Carson county, and acted as clerk thereof, and denied every other allegation of the complaint. There is no bill of exceptions in the record, and the only error urged for the reversal of the judgment is the overruling of the demurrer to the complaint. In support' of the demurrer, a single question has been raised in argument, which is based on the allegation of the complaint, to the effect that the fees sued for were “for services rendered by defendant, acting in his official capacity as judge of said court and as acting clerk thereof, during said period of time, in and about the preparation and execution of land office entries, by settlers, for unappropriated lands of the United States under various acts of congress pertaining thereto, and including also, among other things, services rendered by defendant in his official capacity, in and about the taking of final proofs for homestead and desert land entries, preparation of contests by, and hearings thereon had before said defendant, and various other and sundry services which were performed by said defendant, in his said capacity, pertaining to matters incident and in relation to appropriated and unappropriated United’ States government lands, the exact nature and extent of which said services so rendered by defendant is to plaintiff unknown.” It is proper to say, *328 in this connection, that the complaint also alleged “that plaintiff has made diligent effort to ascertain the nature and extent of such services so as aforesaid performed by defendant, but that defendant — although claiming to have kept, and to now have in his possession, a record of such services so rendered — yet said defendant has refused and still refuses to deliver up the same to plaintiff, or to anyone for its use and benefit, as provided by law; and said defendant refuses to disclose to plaintiff the nature or extent of his earnings in this behalf.” It is asserted, on behalf of appellant, that the action was brought to recover for fees accrued in connection with acts done by the defendant by authority of section 2294 of the Revised Statutes of the United States, as amended by the act of congress, approved May 26th, 1890 (26 U. S. Stat., p. 121), relating to the making of certain proofs, oaths and affidavits, under the public land laws of the United States, before a judge or clerk of a court of record for the county wherein the land is situated. The federal law under which the alleged services were performed, it is said, prescribes the amount of the fee, which may be charged for every such service, and makes the exaction by the officer of a greater sum a misdemeanor, punishable by fine; and the claim is made that those services were not such as appertain to the office of judge or clerk of the county court, under the laws of the state, and were not within the purview of state laws requiring the fees collected by the officer, above the amount of his statutory salary, to be paid into the county treasury. The answer to that contention seems plain. So far as the federal statute mentioned can be said *329 to affect the matter in controversy at all, the authority to do the things and receive the fees therefor, as in the act provided, was conferred upon the judge or clerk virtute officii, and not in his individual capacity. The authority follows the office, and is by no means a personal right or privilege of the occupant for the time, who is empowered to perform the services and receive the prescribed fees only by reason of his incumbency of the office. So that, if we assume that the construction put upon the complaint by counsel for the appellant is correct, there is no reason to say that it was therein improperly alleged that the fees in question were for services rendered by the defendant, “acting in his official capacity as judge of said court and acting clerk thereof.” See Rhea v. Board, 13 Idaho, 59; Finley v. Territory, 12 Okla., 621. The purpose of the federal statute was to permit persons, desiring to initiate or complete proceedings for the acquisition of title to public lands, for the sake of convenience, to go before the judges or clerks of the local courts, for the purpose of making the oaths and proofs, mentioned in the statute, with the same effect as if those things were done before the officers of the general government. Congress, in recognizing the validity of certain acts of these local state officials, exercised the indisputable right to regulate the compensation for the services rendered to individuals, availing themselves of the provisions of the statute, by limiting the fees to be paid for such services, and, in order to make such limitation effective, to impose a penalty for any excessive charge. That penal provision, however, does not at all affect the proposition that the pre *330 scribed fees are to be collected by the officer, for acts done by him in and by virtue of his office. The federal statute confers no new official character upon the officers therein mentioned, nor does it, with respect to the acts authorized, have the effect to segregate the officer from his office. The cases above cited carry the discussion much farther than is necessary for the present purpose, since the single question for decision here is whether or not the complaint stated a cause of action for the recovery of any earnings arising out of services rendered in connection with settlements upon and acquiring-title to public lands of the United States. It may be that the performance of such services could not have been compelled, and that appellant could not have been required to collect the fees prescribed for the services rendered. But it does not follow that he may not be required to pay the fees collected by him into the county treasury, as surplus earnings of his office, after he has received his salary in full. The suggestion that the fees allowed by the federal statute are less than those fixed by the state law to be charged for similar services by officers of counties of the fifth class, is quite immaterial. Manifestly, the county could not claim the benefit of the officer’s services, and deny him the right to receive the stipulated compensation.
Section fifteen of article XIV of the constitution was not self-executing, and legislation was required to give it effect. It declares, among other things: “where salaries are provided, the same shall be payable only out of the fees actually collected, in all cases where fees are prescribed. All fees, perquisites and emoluments above the amount *331 of such salaries shall be paid into the county treasury.” Until salaries were provided by law for county officers, all of the fees collected by any such officer belonged to him absolutely. Airy v. The People, 21 Colo., 144; Adams v. The People, 25 Colo., 532, 539. Upon the taking effect of the statute prescribing the salaries of county officers, including judges and clerks of the county courts, the last sentence of said section fifteen, above quoted, was eo instanti operative and of full effect and vigor.. The expression “all fees, perquisities and emoluments” seems to require neither explanation nor definition. Words could scarcely have been better chosen to express the idea that the salary provided by law should be the sole compensation of the officer, and that all that was collected or received, above the amount of the salary, for services performed in his official capacity, should be turned into the county treasury. To argue that the provision means something different from or less than the obvious import of the words used would be palpable sophistry. The complaint alleged that the defendant had received his salary in full out of the earnings of his office, for the period mentioned, and that the fees and earnings sued for were “over and above his salary and all expenditures to which he was entitled.” We think that the complaint stated a cause of action for the recovery of surplus fees collected by the defendant, and that there was no error in overruling the demurrer. The judgment should be affirmed.

Affirmed.

Cunningham, Judge, having been of counsel, took no part in the hearing or decision of the case.