## C. C. YOUNGER v. THE STATE.

No. 3460.    Decided February 17, 1915.

**1.—Carrying Pistol—Travel—Charge of Court.**

Where, upon trial of unlawfully carrying a pistol, the defendant claimed that he was a traveler and the court instructed the jury to acquit him if this was the case, this was sufficient in the absence of objections to the charge and a request for special instructions.

**2.—Same—Traveler—Statutes Construed.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant had no home and was wandering around in the neighborhood seeking work, he did not come within the definition of a traveler under the statute.

**3.—Same—County Attorney—Representing State.**

Where, upon trial of unlawfully carrying a pistol, the court, in the absence of the county attorney, appointed an attorney to prosecute the case, all the papers having been filed by the county attorney, there was no error. Distinguishing Moore v. State, 56 Texas Crim. Rep., 300.

Appeal from the County Court of Henderson. Tried below before the Hon. C. D. Owen.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Ernest A. Landman,* for appellant.—On question of traveler: Bain v. State, 44 S. W. Rep., 518; Irvine v. State, 18 Texas Crim. App., 51; Ward v. State, 61 Texas Crim. Rep., 604, 136 S. W. Rep., 49; Campbell v. State, 11 S. W. Rep., 832, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of unlawfully carrying a pistol.

He was a young man, and had been in Henderson County a few months. He had worked for several parties; one of them for about four months, and the others only a short time. He was working wherever he could find something to do, and when he would get out of work at one place he would hunt work at other places. It seems he had nothing except what he wore, and a six-shooter, found upon his person. He testified he had no other goods, not even a trunk or hand-grip. It is further in evidence that he was seeking work in Henderson County not far from the dividing line between that and Navarro County when he had determined if he failed to get work that day in Henderson County he would cross the river into the other county and seek employment. The testimony indicates that he had been in what he calls the "bottom" to assist some woman whose wagon had been "bogged." Upon leaving that place, seeking work, he passed a house where parties were trying to rope a yearling in a lot. He suggested that he could rope the yearling for them like they roped them in West Texas. He secured a rope and made a failure on the first throw at the animal. Upon stooping down to pick up the rope the constable, whom appellant was assisting in trying to rope the yearling, discovered what he said was the print or impress of a pistol. When appellant threw the second time he succeeded in putting the rope on the yearling, which jerked him around, and the constable then discovered the fact what he had seen as the impress of a pistol was in fact a pistol. He arrested him and took the weapon from him. So there is no question of the fact that defendant had the pistol. There seems to be no question of the fact that he was seeking work with a view, if he failed that day in Henderson County, that he would cross the river into another county for that purpose. His contention is that he was a traveler. If he was he ought not to have been convicted; if he was not, the conviction was right.

Charges were requested by appellant submitting this issue to the jury, which were refused by the court. The court, however, in the main charge thus instructed the jury: "You are further instructed that if you believe from the testimony that defendant was, at the time he was arrested, a traveler, you will acquit the defendant and say by your verdict not guilty." This submitted the issue. The transcript fails to show that appellant excepted to the court's charge before being read to the jury and a request at that time for the submission of his special charges. His bill of exceptions states that he excepted to the main charge of the court, but does not say at what time he did so. The theory of the defendant was that he was without a home, and was searching for employment and thereby became a traveler. The evidence shows he had no home, and was just wandering around in the neighborhood seeking work. If appellant had found a place to work, or had obtained employment, then he might carry his pistol to that place of employment, but we are of opinion that he would hardly come within the

definition of traveler as fixed by the statute under a state of case where he was riding around through the neighborhood and over the country as shown by this record. The charge given was really favorable to appellant.

Another question is raised by appellant, towit: That he was prosecuted by an attorney appointed by the court and not by the county attorney. The facts, as set out in his bill, show that appellant was arrested on the 14th day of January, placed in jail, and the case set down for trial on January 30th, and the witnesses were subpoenaed to appear on that date. When the case was called for trial the county attorney was absent, in the town of Malakoff, attending Justice Court. The court appointed Dickerson, an attorney of Athens, to prosecute. Appellant excepted to the appointment of Mr. Dickerson on the ground that he was not assistant county attorney, and neither the county attorney nor any assistant county attorney was present at the trial of the case. In support of this proposition he cites Moore v. State, 56 Texas Crim. Rep., 300, 119 S. W. Rep., 858, an opinion written by Judge Ramsey. The case is not similar; the questions are widely variant. In the Moore case the opinion shows that there was no county attorney in Aransas County, and the county judge appointed the attorney in that case to file all the papers, make complaint and file information. It was held this was without authority; that the judge was not authorized to appoint a county attorney in the manner in which it was done in that case in vacation. The Constitution requires that the county attorney must be elected by the people. In case of a vacancy the place may be filled by the Commissioners Court, none of which had been done in the Moore case. The question here is, simply in the absence of the State's counsel the court appointed an attorney to prosecute the case. All the papers had been filed by the county attorney. We are of the opinion there was no error in this.

The judgment is therefore affirmed.

*Affirmed.*