STATE, Respondent, v. FLAVIN, Appellant.

(153 N. W. 296.)

(File No. 3543.   Opinion filed June 19, 1915.)

1.   State's Attorney—Constitutional Office—Special State's Attorney, Appointment of by Court under Statute, Validity—Power of Legislature to Authorize—Information, Subscribing and Verifying by Special State's Attorney, Prosecution by, Validity— Jurisdiction of Court to Try Case.

Under Const. Art. 9, Sec., 5, providing for the election of state's attorney, and Art. 5, Sec. 24, authorizing the Legislature to provide for state's attorneys and to prescribe their duties, and defining their qualifications, and Art. 6, Sec. 10, providing that no person shall be held for a criminal offense unless on presentment or indictment of a grand jury, or information of the public prosecutor, except in certain specified cases, held, that the Legislature transcended its authority in enacting Laws 1905, Ch. 90, amending Pol. Code, Sec. 934, so as to provide that the circuit court may, whenever in its opinion "the ends of justice would be promoted thereby," may appoint an attorney to perform, for the time being, the statutory duties of the state's attorney, although there is no actual temporary vacancy in such office; that an order of the circuit court appointing a special state's attorney pursuant to said statute, and purporting to authorize him to sign and file an information as informant, while a duly elected, qualified and acting state's attorney of the county existed, which order was made upon a petition of the county commissioners, approved by the then former state's attorney, who afterwards and before said appointment was made, resigned, and without any notice to the present state's attorney, and without a hearing to determine his disqualification, was void for want of jurisdiction; and, there having been no information filed in the case, a motion to quash the alleged information should have been sustained; and the circuit court never had jurisdiction to try the defendant upon the charge filed.

2.   Indictment and Information—Information, Void Order Appointing a Special State's Attorney to File—Quashing Information —Collateral Attack, Non-application of Rule.

> Where an order, appointing a special state's attorney to sign and file an information as informant, was void for want of jurisdiction to make it, there being no temporary vacancy in the office of state's attorney, **held,** that objections to an attack of the order on the grounds that it is a collateral attack, that the order was not prejudicial error, and that the presumption is that the order was based upon sufficient reason, have no force when applied to an order void for want of jurisdiction.

Appeal from Circuit Court, Butte County.　Hon. WILLIAM G. RICE, Judge.

George E. Flavin, the defendant, was convicted, a new trial being denied, and he appeals.　Reversed and remanded with instructions.

*A. K. Gardner, and Buell & Denu,* for Appellant.

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, and *Frank D. Bangs,* Special State's Attorney, for Respondent, the State.

(1) Under point one of the opinion, Appellant cited: Code Cr. Proc., Sec. 206; Ekern v. McGovern et al., (Wis.) 142 N. W. 595, 617; McKay v. State, 132 N. W. 741, and 135 N. W. 1024; Laws 1895; Ch. 64; Const. Art. VI., Sec. 10; Const. Art. V., Sec. 5; Ex Parte Corliss, (N. D.) 114 N. W. 963; State v. Brown, (Kans.) 65 Pac. 213; Evans v. Willis, (Okla.) 97 Pac. 1047; State v. Barber, (Idaho) 88 Pac. 418; State v. Beddo, (Utah) 63 Pac. 96; Connors v. Pratt, (Utah) 112 Pac. 399; Evans v. Willis, (Okla.) 97 Pac. 1047; State v. Kelm, 70 Mo. 515; State v. Brown, (Kan.) 65 Pac. 213; Gray v. District Court, (Colo.) 94 Pac. 287.

Respondent cited: State v. Bartley, (Me.) 74 Atl. 18; State v. Borgstrom, (Minn.) 72 N. W. 799; Pol. Code, Sec. 934; Laws 1889, Ch. 59; Laws 1905, Ch. 90, Sec. 1; State v. Johnson, 6 So. 802; State v. Montgomery, 6 So. 803; State v. Choen, 85 Ind. 209; Ex Parte Snell, 1 Atl. 566; State v. Lackey, 35 Texas, 359; King v. State, 31 So. 252; Commonwealth v. River Co., 15 Gray, 447; State v. Maxley, 102 Mo. 347; Canada v. Territory, 52 Pac. 375; State v. Daspit, 56 So. 661; State v. Mahen, 114 Pac. 1122; Korth v. State, 65 N. W. 792; Spaulding v. State, 85 N. W. 80; State v. Phelps, 5 S. D. 480.

GATES, J.　The defendant was convicted of the crime of embezzlement in the circuit court of Butte county, to which

county the case was transferred upon defendant's application. From the judgment and order denying a new trial he has appealed to this court.

The information in this case was subscribed and filed May 13, 1913, in the circuit court of the Seventh judicial circuit within and for Pennington county by Frank D. Bangs, "Special State's Attorney of Pennington County, South Dakota, Acting under Order of Court," as informant, and was verified by him. Thereupon the defendant moved to quash the information for the reasons:

"(1) That said information is not indorsed and presented as prescribed by law, in that the said information was not filed by the state's attorney in and for Pennington county, S. D., as informant, nor has the state's attorney in and for said Pennington county subscribed his name thereto.

"(2) That Frank D. Bangs, purporting to act as special state's attorney for Pennington county, S. D., is and was without any authority so to act as such special state's attorney, and the order purporting to appoint said Frank D. Bangs as special state's attorney was made and entered without jurisdiction, without authority of law, and is null and void."

On December 10, 1912, the board of county commissioners of Pennington county petitioned Judge McGee, circuit judge, to appoint a special prosecutor for Pennington county to investigate, commence, and prosecute all civil and criminal actions that might arise out of the investigation of the county records of said county and recommended the appointment of Frank D. Bangs. The then state's attorney approved the petition, and on December 14, 1912, the court entered an order making the appointment accordingly. On that day the state's attorney resigned his office. On December 16, 1912, Patrick Egan, who had been elected state's attorney at the general election of 1912, qualified as state's attorney of said county pursuant to the provisions of chapter 75, Laws 1905, and at all times thereafter was the duly elected, qualified, and acting state's attorney of that county. On December 18, 1912, the court entered another similar order upon the same petition appointing the said Bangs to perform the duties of state's attorney of said county in connection with the same matters. On May 13, 1913, upon the same petition, and without

any other showing or proof, and without any notice to Patrick Egan, the then state's attorney, and without any hearing to determine the disqualification of said state's attorney the trial court made the following order:

"The board of county commissioners of the above county, having on the 10th day of December, 1912, represented to this court that an investigation had been conducted with relation to the records of the offices of the county auditor and county treasurer of said county, covering several · years prior thereto, and that the same had disclosed both civil and criminal liability on the part of certain former treasurers and auditors, and that the then state's attorney, Albert R. Denu, was disqualified to represent the county and state in proposed civil and criminal proceedings arising out of the disclosures of such investigation, and praying that a special prosecutor be appointed 'to investigate, commence and prosecute all civil and criminal actions that may in any manner arise out of or be connected with the investigation of such county records.' And the said application and recommendation having been concurred in and approved by the said Albert R. Denu, state's attorney, and he having joined in the petition for the appointment of a special prosecutor therefor; and this court being satisfied that the ends of justice would be promoted thereby, and having thereupon duly made its order entered in the minutes of said court, appointing one Frank D. Bangs, a suitable person and an attorney at law, of Rapid City, S. D., to perform for the time being, and in connection with all civil suits and criminal proceedings arising out of or connected with said investigation, the duties required by law to be performed by the said state's attorney. And it now appearing to the court that under and by virtue of such order of appointment, and a similar order subsequently entered, the said Bangs, as such acting state's attorney, caused to be instituted three criminal prosecutions against the defendant George E. Flavin, for the alleged crime of embezzlement, in the course of which the said Flavin was duly arrested upon warrant of arrest issued by A. W. Layman, justice of the peace within and for the above county, in one of which prosecutions the said Flavin was bound over to the present term of this court in $1,500 bonds, and in the other two of which he waived examination and was bound over to this court in $500

bonds each. And it appearing to the court that the said Frank D. Bangs, as such special state's attorney, conducted the said preliminary examination, and on behalf of the state has had full charge of the said proceedings as well as certain civil suits arising out of the alleged misappropriation and embezzlement of funds of the county of Pennington, which constitute the basis of such criminal proceedings; that the evidence on behalf of the state with relation to said criminal prosecutions is complicated and complex, and involves a multitude of details relating to various vouchers, records and documents alleged to have been raised, tampered with, or mutilated by the defendant during his incumbency of the office of county treasurer; that the said Frank D. Bangs, by reason of his being in charge of such proceedings up to the present time, and being also in charge of the said civil suits, is familiar with such evidence; but that the present state's attorney of Pennington county, S. D., has not in any way been connected with any of said proceedings, and is not familiar therewith. And the court being satisfied that the ends of justice would be promoted by the appointment of the said Frank D. Bangs as special state's attorney, to represent the state of South Dakota in the above-entitled cause: Now therefore it is by the court ordered that the said Frank D. Bangs be and he is hereby appointed to perform for the time being, and in connection with the above-entitled cause, the duties required by law to be performed by the state's attorney; to file an information or complaint with this court against the defendant in the above-entitled cause, upon the charge alleged in the complaint before the justice of the peace, and to prosecute the same before this court, and to do all things, and take all steps and proceedings necessary in connection therewith, he being hereby clothed in the performance of such duties with all of the powers and rights of the state's attorney. And it is further ordered that this order be entered in the minutes of the court. Done in open court at Rapid City, S. D., this 15th day of May, 1913. By the Court: Levi McGee, Judge."

[1] The motion to quash the information was denied, and such ruling is one of the many errors assigned upon this appeal.

In 1905 the Legislature passed chapter 90, amending section 934, Pol. Code, as follows:

"Sec. 934. The circuit court, whenever there shall be no state's attorney for the county, or when the state's attorney is absent or unable to attend to his duties, or is adversely interested or disqualified, or when in the opinion of the court the ends of justice would be promoted thereby, may appoint by an order, to be entered in the minutes of the court, some suitable person, an attorney at law, to perform for the time being the duties required by law to be performed by the state's attorney, and the person so appointed shall thereupon be vested with all the powers of such state's attorney for that purpose; and the circuit court shall by an order in the minutes of the court, fix his fees therefor, which amount shall be allowed by the county commissioners, and which amount when so ordered by the court shall be deducted from the salary of the state's attorney. Nothing in this section shall be so construed as to give the court the power to permanently fill vacancies in such office, but such power is vested in the board of county commissioners, as is elsewhere provided for in this Code."

Prior thereto and for a period antedating statehood, the court was vested with such power, when necessary, in case "there shall be no state's attorney for the county, or when the state's attorney is absent or unable to attend to his duties."

We are now called upon to determine whether the Legislature had authority to empower the circuit court to supplant the state's attorney merely because "in the opinion of the court the ends of justice would be promoted thereby" when the state's attorney was neither absent, nor unable to attend to his duties, nor adversely interested, nor disqualified.

Section 10 of article 6 of the Constitution provides:

"No person shall be held for a criminal offense unless on the presentment or indictment of a grand jury, or information of the public prosecutor, except in cases of impeachment, in cases cognizable by county courts, by justices of the peace, and in cases arising in the army and navy, or in the militia when in actual service in time of war or public danger: Provided, that the grand jury may be modified or abolished by law."

Section 5 of article 9 of the Constitution provides:

"In each organized county at the first general election held after the admission of the state of South Dakota into the union,

and every two years thereafter, there shall be elected a clerk of the court, sheriff, county auditor, register of deeds, treasurer, state's attorney, surveyor, coroner, and superintendent of schools, whose terms of office respectively shall be two years."

Section 24 of article 5 of the Constitution provides:

"The Legislature shall have power to provide for state's attorneys and to prescribe their duties, and fix their compensation; but no person shall be eligible to the office of Attorney General or state's attorney who shall not at the time of his election be at least twenty-five years of age and possess all the other qualifications for judges of circuit courts as prescribed in this article."

Section 37 of article 5 of the Constitution provides that vacancies in elective county officers shall be filled by appointment by the county board until the next general election.

It will thus be seen that the office of state's attorney is "imbedded in the Constitution." Under our laws, "the public prosecutor" is the state's attorney (section 206, C. Cr. P.; section 928, Pol. Code), and, in certain cases, the Attorney General. We may concede, for the purposes of this case, that the power of the Legislature to prescribe the duties of the state's attorney as expressed in the Constitution is not a limitation upon the power, which the Legislature would have but for the Constitution, to add to or subtract from such duties and to vest at least a portion of them in some other officer. Childs v. State, 4 Okla. Cr. 475, 113 Pac. 545, 33 L. R. A. (N. S.) 563; State v. Bowles, 70 Kan. 821, 79 Pac. 726, 69 L. R. A. 176. But the Legislature has not attempted to do either of those things by chapter 90, Laws 1905. It has attempted to transfer to the circuit court the power lodged by the Constitution in the voters to select a state's attorney when there is no reason therefor except that in the opinion of the court the ends of justice would be promoted thereby. It has attempted, solely in furtherance of the ends of justice, to vest the court with power to appoint a person to the office of state's attorney and thereby clothe him with all the powers of a grand jury. It has attempted to authorize the court to temporarily fill a vacancy when there is no vacancy.

It did not need a legislative enactment to authorize the court to appoint some one to fill a temporary vacancy in the office of

state's attorney arising from his absence, inability to attend to his duties, adverse interest, or disqualification, when there was a necessity therefor. The court had the inherent power to do that. In White v. Polk County, 17 Iowa, 414, the court said:

"It is no part of the executive's duty to appoint special prosecutors in the different counties of the state, at each time when the properly constituted officer is absent or unable to discharge his duties. The power is invested in the court. It is a part of its inherent power—a power necessary for its own protection and existence, essential to the administration of justice and the enforcement of the laws—finding its support in the same reasoning which authorizes a court to punish for contempt, to appoint ministerial or police officers to carry out its mandates, and other similar acts. It would be a burlesque upon the law— a just and indefensible reproach upon our institutions—if crimes should go unpunished, prisoners untried, and the public business remain unattended to, for want of power in a court of general jurisdiction to appoint some one to supply the place of the regular officer, absent, whether from accident, misfortune, or design. Our courts are not thus powerless. The public business is not to be left thus to suffer. A court possessing such jurisdiction is not limited to the very letter of the charter of its power. The charter gives it life. Of course, it has the right and power to preserve this life. The vital machinery cannot be kept in motion without officers, and for the very preservation of the life of the court, the protection of the charter of its existence, these necessary officers may be appointed, temporarily; the regular ones being absent. A prosecutor is one of these officers, and therefore he may be appointed. And the same reasoning might be used in relation to the welfare of the state and the necessity of maintaining and vindicating the supremacy of the law."

See, also, State v. Moxley, 102 Mo. 374, 14 S. W. 969, 15 S. W. 556; State v. Severine, 2 S. D. 238, 49 N. W. 1056.

There are many decisions, and none that we can find to the contrary, which hold that when there is a real temporary vacancy a law authorizing the filling of it by the court is constitutional. We cite a few of them: King v. State, 43 Fla. 211, 31 South. 254; Choen v. State, 85 Ind. 209; State v. Johnson, 41 La. Ann. 1076, 6 South. 802; State v. Fitzporter, 17 Mo. App. 271; State

v. Moxley, 102 Mo. 374, 14 S. W. 969, 15 S. W. 556; Korth v. State, 46 Neb. 631, 65 N. W. 792.

But we are unable to find authority for the proposition that, when the Constitution provides that an office shall be filled by the voters at an election, the court may constitutionally be clothed with the authority to supplant such officer when there is no real temporary vacancy.

In Fleming v. Hance, 153 Cal. 162, 94 Pac. 620, the court said:

"The prosecuting attorney is, it is true, a public officer; but the public nature of his employment results from the fact that he represents the sovereign power of the people of the state, by whose authority and in whose name all prosecutions must be conducted. * * * It is his relation to his client, not to the court, that makes him a public officer."

In People v. Bollam, 182 Ill. 528, 54 N. E. 1032, the court said:

"The provision of the Constitution that constables shall be elected is mandatory. It is a well-established rule of constitutional construction that, when the Constitution defines the circumstances under which a right may be exercised, the specification is an implied prohibition against the right of the Legislature to add to the condition. (Citing Cooley, Con. Lim. [6th Ed.] 78.) * * * Where an office is created by statute, it is wholly within the control of the Legislature creating it. But, when an office is created by the Constitution, it cannot be enlarged or lessened in scope by any statute, or be filled in any other manner than the manner directed by the Constitution."

In State v. Brown, 63 Kan. 262, 65 Pac. 213, the court said:

"It has always been the law of this state that no one shall be prosecuted upon information for a criminal offense unless such information is signed by an officer of the law, thereunto duly authorized by law to prosecute such offense. Such is the positive, mandatory provision of the statute. * * * The district court is without power to appoint a prosecuting officer, except in case of the death of the county attorney or in case of the absence, sickness, or disability of both the county attorney and his deputy. [Sections 6, 7, c. 89, Gen. St. 1897.] The record in this case shows the presence of the county attorney in court

at the date of the order appointing Skidmore to prosecute in this action, and does not show either the sickness or disability to prosecute of the county attorney or his deputy at any stage of the prosecution, but, on the contrary, shows the opposite. It follows that the district court was without power to authorize a private citizen to sign and file the information against the defendants and to conduct this prosecution; that defendants were prosecuted and convicted without warrant of law; and that such conviction must be set aside."

In State v. Barber, 13 Idaho, 65, 88 Pac. 418, under a statute which provided that the court might appoint some one to act in place of the county attorney when there was no county attorney or when he was absent, or acting for the accused in the matter, or was near of kin of the accused, or was unable to attend to his duties, the court held, upon a showing that "a necessity exists therefor the prosecuting attorney being engaged in other matters," that there was not a sufficient showing of inability, and the court said:

"It was not the intention of the Legislature that there should be a county attorney in the active discharge of his duties and at the same time an attorney performing a part of them in some other branch of the county government. The section requires that the order must show the disqualification or inability of the county attorney to act in some particular matter connected with his office or the duties thereof. If the theory of the prosecution is to be upheld, the county attorney of any county may shirk the responsibilities and labors of his office, have an attorney appointed to perform the labor, draw his salary, and the county will be required to pay two men for the labor enjoined upon the county attorney by statute."

In Moore v. State, 56 Tex. Cr. R. 300, 119 S. W. 858, the court said:

"Prosecutions for offenses enforceable only in the county court must be prosecuted by information. This, of course, means legal information, and this implies an information presented by a county attorney or other proper officer, constitutionally chosen or duly elected. It is not, of course, to be questioned that, in this case, the county judge acted in view of what he believed to be an imperative necessity, and for the good of his county, and for

the protection of its people. This, however, cannot add to his authority. To permit him to exercise the power which the Constitution confers upon the commissioners' court is to grant something that the law does not allow, and, however wisely exercised, is a mere usurpation."

To be sure, in the three cases last cited, there was no statute purporting to sanction the unauthorized acts; but we think the principles there laid down are equally applicable to an appointment by a court under an apparent statutory authority, but which statute is in violation of the Constitution.

In State v. Severine, 2 S. D. 238, 49 N. W. 1056, this court held that an information signed by an "assistant state's attorney" appointed by a citizen's committee, pursuant to section 20, c. 101, Laws 1890, was a nullity. No question of constitutional law appears from the opinion to have been raised in that case, but the decision appears to be based upon the ground that the information was signed by a purported officer when no such officer as "assistant state's attorney" was known to the law.

In State v. Becker, 3 S. D. 29, 51 N. W. 1018, this court sustained an information signed by an assistant appointed by the Attorney General under section 12, c. 101, Laws 1890. This decision clearly recognized that the Attorney General was a public prosecutor, and recognized the authority of the Attorney General to appoint an assistant. The court said:

"The Attorney General is in the same department of service as the state's attorney, but having a larger jurisdiction, and is in a sense a superior and supervising officer. We have no doubt but that it would be competent for the Legislature to authorize the Attorney General to appoint an assistant for himself, or an assistant or deputy state's attorney in any county, naming the conditions under which such appointment might be made. This would not be delegating to the Attorney General the legislative power to create a new office, any more than a law authorizing a sheriff or register of deeds to appoint a deputy whenever a proper discharge of his official duties required it. It is no objection that a statutory law authorizes the appointment of a deputy to a constitutional officer, and such a law may empower such deputy to discharge official duties in his own name."

A vast majority of the cases of this kind that have come to

the courts of last resort have arisen where the court has appointed an attorney to assist the legal official at the trial. In such cases the rule is that such appointment is a matter of judicial discretion and will only be reviewed where an abuse of discretion is shown. 24 L. R. A. (N. S.) 564, note.

In State v. Johnson, 24 S. D. 590, 124 N. W. 847, this court took the same view; but, as no question of abuse of discretion appeared, this court did not add the qualifying words to its statement.

But the question before us is not one of discretion nor abuse of discretion. It is a question of the jurisdiction of the trial court. It is not a light matter for a court to declare a legislative enactment unconstitutional. When and under what circumstances a court is justified in so doing has been lucidly pointed out by Dr. Garner in 11 Mod. Am. Law, p. 74. Observing those conditions, we are of the opinion that the Legislature clearly exceeded its authority when it attempted to give the circuit court authority to supplant the state's attorney "when in the opinion of the court the ends of justice would be promoted thereby"; but we recognize, as we must under the decision in State v. Johnson, 24 S. D. 590, 124 N. W. 847, the constitutionality of the act in so far as it purports to authorize the court for that reason to appoint an attorney to assist the state's attorney at the trial. Whether such appointee may even then supersede and displace the state's attorney may be questioned. McKay v. State, 90 Neb. 63, 132 N. W. 741, 39 L. R. A. (N. S.) 714, 27 Ann. Cas. 1034; Id., 91 Neb. 281, 135 N. W. 1024, 39 L. R. A. (N. S.) 714, 27 Ann. Cas. 1034..

Finally, we commend the following statement in State v. Moreaux, 254 Mo. 398, 162 S. W. 158:

"This custom of permitting the employment of special prosecutors and allowing them to conduct criminal cases for the state, while not unauthorized, is not to be commended. They are usually employed by private individuals solely to secure a conviction, and their zeal and energies are bent to accomplish that end. This is not the sole purpose of a criminal prosecution, but a result which may, and, if the accused is shown to be guilty, should follow, a fair and impartial trial, always best afforded the accused when the prosecution is conducted by the state's ac-

credited representative, who, no matter how vigorously he may prosecute, does not, or at least should not, under his oath, lose sight of the fact that the accused is entitled to a fair trial."

[2] It is urged by respondent that the orders appointing the special prosecutor may not now be inquired into:

"First, because it constitutes a collateral attack upon an order valid upon its face; second, because appellant was in no way prejudiced by the said order, and cannot be heard to complain thereof, and the error, if there was any, was without prejudice; third, because it will be presumed, at least in the absence of a direct attack, that the order of the trial court was based upon sufficient reasons."

These grounds have no force as applied to orders which are void for want of jurisdiction in the court to make them.

The orders of the court made after the qualification of Patrick Egan as state's attorney, in so far as they attempted to authorize the appointee to sign and file an information as informant, were nullities. The motion to quash the information should have been sustained. That being so, there has been no information filed in this case, and the circuit court never had jurisdiction to try the defendant upon the charge filed. State v. Brown, 63 Kan. 262, 65 Pac. 213.; Evans v. Willis, 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258; State v. Severine, 2 S. D. 238, 49 N. W. 1056.

The judgment and order appealed from are reversed, and the cause is remanded, with instructions to discharge the defendant.