District Judges — Marriage Ceremony — Fee A District Judge or other salaried Judicial Officer can not receive any remuneration, gratuity, gift or fee or money under any other denomination for the performance of the solemnization of a marriage ceremony. The Attorney General has had under consideration your recent letter wherein you in effect ask the following question: Can a District Judge or other salaried Judicial Officer lawfully or properly receive any remuneration, gratuity, gift or fee or money under any other denomination for the performance of the solemnization of a marriage ceremony? 43 O.S. 7 [43-7] (1961), authorizes a justice or judge to perform a marriage ceremony and provides in pertinent part as follows: "All marriages must be contracted by a formal ceremony performed or solemnized in the presence of at least two adult, competent persons as witnesses, by a judge or justice of any court of record in this State, a justice of the peace or a preacher or minister of the gospel, priest or other ecclesiastical dignitary of any denomination who has been duly ordained and authorized by the church to which he belongs to preach the gospel and who shall have filed, in the office of the court clerk of the county in which he resides a copy of his credentials or authority from his church authorizing him to solemnize marriages, and such filing shall be effective in and for all counties of the State; . . . ." It does not appear that the judge has a duty to perform marriage ceremonies, but he is authorized, by virtue of his office, to perform this service. On April 27, 1953, this office issued an opinion which stated that a county judge could retain money given him for the solemnization of a marriage. This decision was based upon 28 O.S. 42 [28-42] (1951), as amended by O.S.L. 1953, Ch. 1. Section 1. The title to the amending act authorized a county judge to retain a fee for performing a marriage ceremony. Opinion No. 63-479 reaffirmed this opinion. The statute upon which these opinions were based was repealed by O.S.L. 1967, Ch. 122, Section 13. At the present time, there is no statutory authority for a judge to collect any fee for the performing of a marriage ceremony and 28 O.S. 1 [28-1] (1968), states: "The officers and persons herein mentioned shall be entitled to receive for their services only the fees herein allowed, and no other, except as may be otherwise required by law." The act continues to discuss fees collected by "county officers." All judges in this state receive salaries for the performance of their services and such salaries are paid by the state. Since the Oklahoma statutes provide for a salary for the judicial officers, and there are no statutes providing for the charging or collecting fees for performing a marriage ceremony, the case of State v. Hooker, County Judge, 26 Okl. 460, 109 P. 527, is applicable. A question similar to the present one was before the court. The court in the body of its opinion stated: "In the brief of counsel for defendant in error the suggestion is made that, in the event one of the justices of the Supreme Court were to perform a marriage ceremony, there is no fee prescribed for the performance of such official act. True, and in such case such officer would be neither authorized nor justified in accepting a fee therefor. Public officers are only authorized to accept fees for public acts where the law either expressly or by implication authorizes the charging of a fee. ". . . an officer is not entitled to compensation, unless it is given to him by the Constitution or a statute; that where a compensation is thus given whether by salary or by fees, or by commissions, or otherwise, it is in full of all his official services; and he is not entitled to demand or receive any additional compensation from the public or from an individual for any service within the line of his official duty. . . . "Reaching the conclusion that there is no fee provided for the performing of marriage ceremony prescribed by statute, and that such officer is not permitted to make a charge therefor, it follows that the relator was not entitled to the writ as prayed for by him." (Emphasis added) In the case of Coggeshall v. Conner, 30 Okl. 595, 120 P. 559, the court in the body of its opinion stated: "A public officer whose salary or compensation is fixed by law, and is payable by or made a charge against the public, cannot recover compensation from 3rd persons for the performance of acts within the scope of his official duty even though the acts were performed at their request, or though they may have expressly promised to pay him." Also in the case of Baker v. Board of County Commissioners, 48 Okl. 737, 150 P. 714, the court stated in the body of its opinion: "A person acting in the capacity of a public officer is entitled to only such compensation as may be given him by some provision of law. This rule is founded upon a sound public policy, and should be rigidly adhered to." When a judge performs a marriage ceremony, he does so as a judge by virtue of his office. He does not act in his individual capacity. From the Hooker case we can see that when a public official performs a service or public act, and he has been given a salary for the performance of his services, he cannot accept additional compensation for these services. There is no statutory authority for the charging of any fee for solemnizing a marriage and it is clear that no judicial Officer may demand or receive any fee, payment or compensation for the performance of a marriage. The fact that a certain payment may be labeled a gratuity or a gift is not meaningful as it essentially is still payment for the services rendered by the judge. Even if it could be established that the money or donation given to the judge was in fact a gift and not really payment for his services, there is no authoritY for him to accept it. In 48 C.J.S., Judges Section 39, is found the following language: "In some jurisdictions, by force of statute, any gratuity received by a probate judge over and above the statutory fee may be retained by the judge for his individual use and benefit." (Emphasis added) In the case of Rhea v. County Commissioners, 13 Idaho 59,88 P. 89, the court held that it was proper for a judge to retain money donated to him for a marriage ceremony above that provided by the statutory fee because the statutes authorized the judges to accept such donation. No such authorization is found in the Oklahoma Statutes. Therefore, it is the opinion of the Attorney General that a District Judge or other salaried Judicial Officer can not receive any remuneration, gratuity, gift or fee or money under any other denomination for the performance of the solemnization of a marriage ceremony. (Gary F. Glasgow)